1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Cindy Chan (SBN 247495)
   cchan@blakelylawgroup.com
3  BLAKELY LAW GROUP
   915 North Citrus Avenue
4  Los Angeles, California 90038
   Telephone: (323) 464-7400
5  Facsimile: (323) 464-7410

6  *Attorneys for Plaintiffs*
   *Hardy Way, LLC and Quiksilver, Inc.*
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                                    SACV10-01949 JST PJWx

11 HARDY WAY, LLC, a Delaware Limited ) CASE NO.
   Liability Company; QUIKSILVER, INC., )
12 a Delaware Corporation,              ) **COMPLAINT FOR DAMAGES:**
                                        )
13                         Plaintiffs,  ) 1. **FEDERAL TRADEMARK**
                                        )    **INFRINGEMENT;**
14          vs.                         )
                                        ) 2. **FALSE DESIGNATIONS OF**
15 ULTIMATE SPORTS, INC., a Florida     )    **ORIGIN AND FALSE**
   Corporation; DAVID SEDAGHATI, an     )    **DESCRIPTIONS**
16 individual; and DOES 1-10, inclusive, )
                                        ) 3. **FEDERAL TRADEMARK**
17                         Defendants.  )    **DILUTION;**
                                        )
18                                      ) 4. **TRADEMARK DILUTION**
                                        )    **UNDER CALIFORNIA LAW;**
19                                      )
                                        ) 5. **COPYRIGHT INFRINGEMENT;**
20                                      )
                                        ) 6. **COMMON LAW UNFAIR**
21                                      )    **COMPETITION;**
                                        )
22                                      )
                                        )     **JURY TRIAL DEMANDED**
23                                      )

24      Plaintiffs Hardy Way, LLC and Quiksilver, Inc. (collectively "Plaintiffs") for

25 their claims against Defendants Ultimate Sports, Inc. and David Sedaghati

26 (collectively "Defendants"), respectfully allege as follows:

27 ///

28 ///

## JURISDICTION AND VENUE

1.     Plaintiffs file this action against Defendants for copyright infringement under 17 U.S.C. § 101, et seq., as well as trademark infringement, trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims of unfair competition and trademark dilution under the statutory and common law of the state of California.  This Court has subject matter jurisdiction over the Federal trademark counterfeiting and infringement and trademark dilution claims pursuant to 28 U.S.C.A §§1121(a), 1331, 1338(a).

2.     This Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C.A § 1367, since those claims are related to and arise from the same set of facts as Plaintiffs' federal copyright and trademark infringement claims.

3.     This Court has personal jurisdiction over Defendants because Defendants do business within this judicial district, and the acts complained of occurred in this judicial district.

4.     This action arises out of wrongful acts by Defendants within this judicial district.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

5.     Plaintiff Hardy Way, LLC is a limited liability company organized and existing under the laws of the state of Delaware, with an office and place of business in New York, New York

6.     Plaintiff Quiksilver, Inc. is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business in Huntington Beach, California.

7.     Upon information and belief, Defendant Ultimate Sports, Inc. is a corporation organized and existing under the laws of the state of Florida with an office and principal place of business at 550 NW 26th Street, Miami, Florida 33127.

1    8.    Upon information and belief, Defendant David Sedghati is an individual

2    residing in Miami, Florida and doing business within this judicial district through

3    Ultimate Sports, Inc.

4    9.    Plaintiffs are unaware of the names and true capacities of Defendants,

5    whether individual, corporate and/or partnership entities, named herein as DOES 1

6    through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiffs will

7    seek leave to amend this complaint when their true names and capacities are

8    ascertained.  Plaintiffs are informed and believe, and based thereon allege, that said

9    Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the

10   wrongs alleged herein and, that at all times referenced, each was the agent and servant

11   of the other Defendants and was acting within the course and scope of said agency and

12   employment.

13   10.    Plaintiffs are informed and believe, and based thereon allege, that at all

14   relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or

15   reasonably should have known of the acts and behavior alleged herein and the damages

16   caused thereby, and by their inaction ratified and encouraged such acts and behavior.

17   Plaintiffs further allege that Defendants and DOES 1 through 10, inclusive, have a

18   non-delegable duty to prevent or cause such acts and the behavior described herein,

19   which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to

20   perform.

21   **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

22   **A.    The Ed Hardy® Brand**

23   11.    The Ed Hardy® brand was launched in 2004 when its founder, Christian

24   Audigier, received the exclusive license to the designs of Don Ed Hardy, who is

25   commonly referred to as the "Godfather of Tattoo."

26   12.    Plaintiff Hardy Way, LLC is the worldwide owner of the DON ED

27   HARDY and ED HARDY stylized and non-stylized trademarks, as well as the LOVE

28   KILLS SLOWLY logo (hereinafter collectively "Ed Hardy Marks").

13.     The Ed Hardy Marks appear on a variety of products, including but not limited to apparel, shoes, hats, eyewear, jewelry, beverages, home goods, skateboards, mobile digital content, fragrances, tanning products, golf carts, electronics, toys, computer supplies, umbrellas, and limited edition Smart Cars since at least as early as 2004.  There are currently approximately 52 licenses for products bearing the Ed Hardy Marks.

14.     All Ed Hardy-branded products, and their corresponding packaging, prominently bear the Ed Hardy Marks.

15.     Ed Hardy® clothing is sold throughout the United States and throughout the world, including France, Mexico, Denmark, Korea, Japan, Thailand, Taiwan, Singapore, South Africa, Australia, Dubai, Czech Republic, Germany, New Zealand, and Malaysia, as well as in major retail department stores such as Macy's, Nordstrom and Bloomingdale's.

16.     In less than ten years, Ed Hardy-branded products have come to be internationally recognized for their trendy style combined with cutting edge and distinctive tattoo art.

17.     Celebrities such as Fergie, Heidi Klum, David Beckham, Sylvester Stallone, Paula Abdul, Kim Kardashian, Paris Hilton, Madonna, Shakira and Britney Spears can all be seen wearing Ed Hardy® clothing.   The celebrity following of Ed Hardy® products includes hundreds of celebrities, athletes and musicians of all genres.

18.     Hardy® apparel has been praised and recognized in numerous articles appearing in both trade publications and publications directed to the general public, including but not limited to People, Life & Style, Star Magazine, InStyle, Caras Internacional, Voici, Hello Magazine, L'Expansion, 944, and Hip Hop Weekly.

19.     One of the most well recognized Ed Hardy Marks is the Skull Mark, which consists of a skull and heart with a banner that reads "LOVE KILLS SLOWLY" (see below)



20.     The Skull Mark was first used in commerce as early as 2005 and was registered with the United States Patent and Trademark Office on June 9, 2009 (U.S. Reg. No. 3,635,990)

21.     Due to their long use, extensive sales, and significant advertising and promotional activities, the Ed Hardy Marks have achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.  The arbitrary and distinctive Ed Hardy Marks identify, in the United States and throughout the world, a fashion brand known for its trendy style combined with cutting edge tattoo art designs.

**B.     QUIKSILVER's Family of Trademarks, Logos, and Designs**

22.     Since the 1970's, Quiksilver has been and is now engaged in the business of manufacturing, promoting, distributing, and selling its high-quality clothing.  All of Quiksilver's products are manufactured pursuant to its strict specifications and quality control.

23.     Quiksilver has long used, prior to the acts of Defendants herein, several trademarks, including but not limited to Quiksilver, in plain and stylized format, and the Mountain and Wave design logo.

24.     Quiksilver is the owner of the world-famous word/mark "Quiksilver."  On April 11, 1967, the Quiksilver mark was registered on the Principal Register of the United States Patent & Trademark Office as Registration No. 827212, for "Men's clothing, namely suits, jackets, topcoats, trousers, and sport coats."  Subsequent thereto, Quiksilver has registered the Quiksilver mark and a variety of other marks, including the Mountain and Wave design logo, on merchandise ranging from luggage, watches and jewelry, sunglasses, swimwear, and all other varieties of men's and

5

1  women's clothing and footwear (collectively, "Quiksilver Marks"). Quiksilver's right

2  to use the Quiksilver Marks in commerce has become uncontestable pursuant to 15

3  U.S.C. §1065.

4       25.    In addition to the trademark registrations, the "Quiksilver Mountain and

5  Wave" logo (below) is a copyrighted design with U.S. Copyright Registration Nos. VA

6  1088115 and VA 1088246.

7

8

9



10       26.    Quiksilver introduced its junior line of clothing "ROXY" in or around

11  Spring of 1991. The Roxy Heart Device, which is made up of two mirror-image

12  Quiksilver Mountain and Wave logos (see below), has been used in connection with

13  the Roxy line since as early as 1992.

14

15

16



17       27.    In 1997, Quiksilver registered the word mark "ROXY" as well as the

18  Roxy Heart Device (hereinafter collectively "Roxy Marks") Quiksilver's Roxy Marks

19  include, but are not limited to, U.S. Registration Nos. 2,225,688, 2,220,442; and

20  2,978,299. The registrations for these Roxy Marks are valid, subsisting and

21  exclusively owned by Quiksilver.

22       28.    At all times relevant hereto, Quiksilver's trademarks have been

23  continually used by Quiksilver throughout the world and in the United States,

24  including California, on or in connection with the manufacture, distribution, sale and

25  promotion of its products.

26       29.    As a result of Quiksilver's widespread and continuous use, advertisement,

27  and the promotion of its products in connection with its Quiksilver and Roxy Marks,

28  the marks have become widely-known and recognized in identifying Quiksilver as the

COMPLAINT FOR DAMAGES

1  source of a wide variety of clothing and related goods, and in distinguishing such

2  goods from those of other manufacturers.  Quiksilver's trademarks have come to

3  represent and symbolize the excellent reputation of Quiksilver's products and valuable

4  goodwill among members of the public throughout the world and in the United States,

5  including California.

6      30.    Quiksilver's Roxy Marks have acquired a secondary meaning throughout

7  the world and in the United States, including California.

8      **C.    Defendants' Infringing Conduct**

9      31.    Upon information and belief, Defendant Ultimate Sports, Inc. is a

10 company engaged in the manufacture, distribution, import and export, and/or sale of

11 footwear, handbags, and backpacks in the United States and worldwide.

12     32.    Defendant Ultimate Sports, Inc. advertises and offers for sale its footwear

13 through its website www.allfootwear.com.

14     33.    In August of 2010, Plaintiffs' investigators purchased footwear bearing

15 marks identical and/or substantially indistinguishable from Hardy Way's Skull Mark

16 as well as Quiksilver's Roxy Marks from www.allfootwear.com.

17     34.    Plaintiffs' respective representatives have inspected the product obtained

18 from Defendant, and have determined said merchandise to be counterfeit.

19     35.    Upon information and belief, Defendant David Sedaghati, as an officer

20 and/or director of Ultimate Sports, Inc., was the active, moving, conscious force

21 behind the alleged infringing activities.

22     36.    Defendants are not authorized by Plaintiffs to manufacture, distribute,

23 advertise, offer for sale, and/or sell merchandise bearing their respective trademarks

24 and/or copyrighted works.

25                  **FIRST CLAIM FOR RELIEF**

26                **(Federal Trademark Infringement)**

27     37.    Plaintiffs incorporate herein by reference the averments of the preceding

28 paragraphs as though fully set forth herein.

38.     Defendants have manufactured, distributed, imported, advertised, offered for sale, and/or sold products bearing counterfeit reproductions of Hardy Way's Skull Mark as well as Quiksilver's Roxy Marks (hereinafter "Plaintiffs' Respective Marks").

39.     Plaintiffs' Respective Marks are nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality and coming from Plaintiffs.

40.     Defendants' unauthorized use of Plaintiffs' Respective Marks in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come from the same source as Plaintiffs' goods and are of the same quality as that assured by Plaintiffs' Respective Marks.

41.     Defendants' use of Plaintiffs' Respective Marks is without Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights to control its trademarks.

42.     Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or are otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

43.     Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Plaintiffs and reap the benefit of Plaintiffs' goodwill associated with Plaintiffs' Respective Marks.

44.     Defendants' acts violate the Lanham Act.

45.     As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiffs have been injured and will continue to suffer injury to their businesses and reputations unless Defendants are restrained by this Court from infringing Plaintiffs' Respective Marks.

1    46.    Plaintiffs have no adequate remedy at law.

2    47.    In light of the foregoing, Plaintiffs are entitled to injunctive relief

3  prohibiting Defendants from using Plaintiffs' Respective Marks, or any marks identical

4  and/or confusingly similar thereto, for any purpose, and to recover from Defendants all

5  damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a

6  result of such infringing acts, and all gains, profits and advantages obtained by

7  Defendants as a result thereof, in an amount not yet known, as well as the costs of this

8  action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to

9  15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

10                    **SECOND CLAIM FOR RELIEF**

11        **(False Designations of Origin and False Descriptions)**

12    48.    Plaintiffs incorporate herein by reference the averments of the preceding

13  paragraphs as though fully set forth herein.

14    49.    Plaintiffs' Respective Marks are nonfunctional and their inherently

15  distinctive quality have achieved a high degree of consumer recognition and serve to

16  identify Plaintiffs as the source of high-quality goods.

17    50.    Defendants' unauthorized use of Plaintiffs' Respective Marks on

18  merchandise in interstate commerce and advertising relating to same constitutes false

19  designation of origin and a false representation that the goods are manufactured,

20  offered, sponsored, authorized, licensed by or otherwise connected with Plaintiffs or

21  come from the same source as Plaintiffs' goods when, in fact, they do not.

22    51.    Defendants' use of Plaintiffs' Respective Marks is without Plaintiffs'

23  permission or authority and in total disregard of Plaintiffs' rights to control their

24  trademarks.

25    52.    Defendants' activities are likely to lead to and result in confusion, mistake

26  or deception, and are likely to cause the public to believe that Plaintiffs have produced,

27  sponsored, authorized, licensed or are otherwise connected or affiliated with

28  Defendants' commercial and business activities, all to the detriment of Plaintiffs.

53.     Plaintiffs have no adequate remedy at law.

54.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using Plaintiffs' Respective Marks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## THIRD CLAIM FOR RELIEF

### (Trademark Dilution in Violation of Lanham Act)

55.     Plaintiffs incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

56.     Plaintiffs' Respective Marks  are "famous" within the meaning of the Lanham Act.

57.     Defendants have used in commerce in connection with the sale of their products counterfeit reproductions of Plaintiffs' Respective Marks, which is likely to cause, and most likely has caused, confusion or mistake as to the affiliation, connection, or association between Defendants and Plaintiffs, or as to the origin, sponsorship, or approval of said counterfeit goods by Plaintiffs.

58.     Defendants' acts described above have diluted and continue to dilute Plaintiffs' unique and distinctive trademarks.  These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Plaintiffs, causing damage to Plaintiffs in an amount to be determined at trial, as well as irreparable injury to the goodwill and reputation associated with Plaintiffs' Respective Marks.

59.     Upon information and belief, Defendants' unlawful actions began long after Plaintiffs' Respective Marks became famous.

60.     Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on the reputation of the Ed Hardy and Roxy

1  brands, and to dilute Plaintiffs' Respective Marks.  Defendants' conduct is willful,

2  wanton and egregious.

3        61.    Plaintiffs have no adequate remedy at law to compensate them fully for

4  the damages that have been caused and which will continue to be caused by

5  Defendants' unlawful acts, unless they are enjoined by this Court.

6        62.    In light of the foregoing, Plaintiffs are entitled to injunctive relief

7  prohibiting Defendants from using Plaintiffs' Respective Marks, and to recover all

8  damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and

9  all gains, profits and advantages obtained by Defendants as a result of their infringing

10  acts alleged above in an amount not yet known, as well as the costs of this action.

11  <center>**FOURTH CLAIM FOR RELIEF**</center>

12  <center>**(Trademark Dilution in Violation of Cal. & Bus. Prof. Code)**</center>

13        63.    Plaintiffs incorporate herein by reference the averments of the preceding

14  paragraphs as though fully set forth herein.

15        64.    Plaintiffs' Respective Marks are distinctive in the state of California by

16  virtue of their substantial inherent and acquired distinctiveness, extensive use in

17  California and the extensive advertising and wide spread publicity of the marks in

18  California.

19        65.    The actions of Defendants complained of herein are likely to injure the

20  business reputations and dilute the distinctive quality of Plaintiffs' Respective Marks,

21  which are famous.

22        66.    The foregoing acts of Defendants constitute dilution and injury to

23  business reputations in violation of the California Business and Professions Code.

24        67.    The conduct herein complained of was extreme, outrageous, fraudulent,

25  and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights.  Said conduct

26  was despicable and harmful to Plaintiffs and as such supports an award of exemplary

27  and punitive damages in an amount sufficient to punish and make an example of the

28  Defendants, and to deter them from similar such conduct in the future.

68.   By reason of the foregoing, Plaintiffs are being damaged by Defendants' unauthorized and illegal use of Plaintiffs' Respective Marks in the manner set forth above, and will continue to be damaged unless Defendants are immediately enjoined under Section 14247 of the California Business and Professions Code from using any of Plaintiffs' Respective Marks.

69.   Plaintiffs will be irreparably injured by the continued acts of Defendants, unless such acts are enjoined.

70.   Plaintiffs have no adequate remedy at law.

71.   In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using Plaintiffs' Respective Marks for any purpose, destruction of the counterfeit merchandise, and recovery of up to three times their profits from, and up to three times all damages suffered by reason of, Defendants' wrongful manufacture, use, display, or sale of infringing products.

## FIFTH CLAIM FOR RELIEF

### (Copyright Infringement of Quiksilver's Mountain & Wave Logo)

72.   Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

73.   The infringing products obtained from Defendants bear counterfeit reproductions of Quiksilver's Roxy Heart Device, which is made up of two mirror-image Quiksilver Mountain and Wave logos, for which Quiksilver, Inc. owns copyright registrations (U.S. Copyright Registration Nos. VA 1088115 and VA 1088246).

74.   Given the widespread popularity of the Quiksilver Mountain and Wave logo, Defendants had access to this design and, upon information and belief, Defendants have knowingly infringed upon said design by manufacturing, distributing, advertising, and selling piratical copies of the design to the public in violation of 17 U.S.C. § 501.

75.    Upon information and belief, Defendants have intentionally, knowingly and willfully copied Quiksilver Mountain and Wave logo in order to personally benefit from the widespread customer recognition and acceptance of said design/logo and to capitalize upon the market created by said design.

76.    Upon information and belief, the aforesaid infringements by Defendants of Quiksilver Mountain and Wave logo occurred and continue to occur with the knowledge that such designs are copyrighted and the Defendants, in committing the acts complained of herein, have willfully infringed upon Quiksilver's rights under the Copyright Laws of the United States, Title 17 U.S.C. § 101, et seq.

77.    The products sold by Defendants bear identical reproductions of the Quiksilver Mountain and Wave logo.

78.    Defendants' infringement of the Quiksilver Mountain and Wave logo is to the great and irreparable damage of Quiksilver, and Quiksilver is informed and believe, as indicated, that Defendants will continue such infringement unless enjoined by this Court.

79.    Quiksilver has suffered loss of profits and other damage, and Defendants have earned illegal profits in an amount to be proven at trial as the result of the aforesaid acts of Defendants.

80.    Plaintiff Quiksilver has no adequate remedy at law.

81.    In light of the foregoing, Quiksilver is entitled to injunctive relief prohibiting Defendants from using the Quiksilver Mountain and Wave logo or any designs identical and/or substantially similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Quiksilver has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 17 U.S.C. § 504(b), or in the alternative statutory damages pursuant to 17 U.S.C. § 504(c), and/or any additional damages pursuant to 17 U.S.C. § 504(d).

## SIXTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

82.   Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

83.   Plaintiffs own and enjoy common law trademark rights to each of their respective trademarks in California and throughout the United States.

84.   Defendants' unlawful acts in appropriating rights in Plaintiffs' Respective Marks were intended to capitalize on Plaintiffs' goodwill associated therewith for Defendants' own pecuniary gain.  Plaintiffs have expended substantial time, resources and effort to obtain an excellent reputation for their respective brands.  As a result of Plaintiffs' efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Plaintiffs.

85.   Defendants' unauthorized use of Plaintiffs' Respective Marks has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiffs.

86.   Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiffs.

87.   Defendants' acts constitute unfair competition under California common law.

88.   Plaintiffs have been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from their unlawful conduct.

89.   The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights.  Said conduct was despicable and harmful to Plaintiffs, and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants, and to deter them from similar such conduct in the future.

90.   Plaintiffs have no adequate remedy at law.

91.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using Plaintiffs' Respective Marks, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray that this Court enter judgment in their favor and against Defendants as follows:

1.     Granting temporary, preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from:

(a)     Using any of Plaintiffs' Respective Marks, or any other marks confusingly similar thereto, in connection with the manufacturing, distribution, advertising, offering for sale, and/or sale of merchandise;

(b)     Using Plaintiff Quiksilver, Inc.'s Mountain and Wave logo, or any designs substantially similar thereto, in connection with the manufacturing, distribution, advertising, offering for sale, and/or sale of merchandise;

(c)     Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiffs;

(d)     Otherwise infringing upon Plaintiffs' Respective Marks;

(e)     Otherwise diluting Plaintiffs' Respective Marks;

(f)     Unfairly competing with Plaintiffs;

2.     Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

3.     Ordering Defendants to disgorge their profits;

4.       Awarding Plaintiffs all of Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

5.       Awarding treble damages in the amount of Defendants' profits or Plaintiffs' damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

6.       Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b);

7.       Awarding Plaintiffs' statutory damages pursuant to 15 U.S.C. §1117(c);

8.       Awarding Plaintiff Quiksilver, Inc. damages pursuant to 17 U.S.C. § 504 as a result of Defendants' infringement of Quiksilver's Mountain and Wave logo;

9.       All actual, consequential, and incidental financial losses, including but not limited to lost profits, according to proof, in a sum which exceeds the jurisdictional minimum of this Court, together with prejudgment interest;

10.      General damages against Defendants in a sum which exceeds the jurisdictional minimum of this Court, the exact amount of which will be proven at trial;

11.      Attorneys' fees and costs of suit;

12.      Such other relief as may be just and proper.


Dated:  December 22, 2010              BLAKELY LAW GROUP


                                       By: _____
                                       Brent H. Blakely
                                       Cindy Chan
                                       *Attorneys for Plaintiffs*
                                       *Hardy Way, LLC and Quiksilver, Inc.*

**COMPLAINT FOR DAMAGES**

1

## **DEMAND FOR JURY TRIAL**

2    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby

3 demand a trial by jury as to all claims in this litigation.

4

5   Dated:  December 22, 2010                    BLAKELY LAW GROUP

6

7                                               By: _____

8                                                   Brent H. Blakely
                                                    Cindy Chan
9                                                   *Attorneys for Plaintiffs*
                                                    *Hardy Way, LLC and Quiksilver, Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Hardy Way, LLC<br>Quiksilver, Inc. | Ultimate Sports, Inc.<br>David Sedaghati |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| BLAKELY LAW GROUP<br>915 North Citrus Avenue<br>Los Angeles, California 90038 Telephone: (323) 464-7400 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No        ☒ **MONEY DEMANDED IN COMPLAINT:** $ 100,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark Infringement Under Lanham Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | Vacate Sentence Habeas Corpus | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | R.R. & TRUCK | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

SACV10-01949

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                                    CIVIL COVER SHEET                                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
  ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, CA | Hardy Way, LLC- New York<br>Quiksilver, Inc.- Orange County |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | All Defendants- Miami |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All Claims- Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
<u>Note: In land condemnation cases, use the location of the tract of land involved</u>

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 12/22/2010

  **Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## SACV10- 1949 JST (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
  **312 N. Spring St., Rm. G-8**
  **Los Angeles, CA 90012**

[X] **Southern Division**
  **411 West Fourth St., Rm. 1-053**
  **Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
  **3470 Twelfth St., Rm. 134**
  **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
BLAKELY LAW GROUP
915 North Citrus Avenue
Los Angeles, California 90038

FOR OFFICE USE ONLY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARDY WAY, LLC, a Delaware Limited Liability Company; QUIKSILVER, INC., a Delaware Corporation,<br><br>PLAINTIFF(S)<br>v.<br><br>ULTIMATE SPORTS, INC., a Florida Corporation; DAVID SEDAGHATI, an individual; and DOES 1-10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>SACV10-01949 JST PJWx<br><br><br>SUMMONS |

TO:     DEFENDANT(S):  Ultimate Sports, Inc.; David Sedaghati

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  BLAKELY LAW GROUP , whose address is 915 N. Citrus Ave., Hollywood, CA 90038 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: 12/22/2010                              By: CHRISTOPHER POWERS
                                                    Deputy Clerk

                                                    (Seal of the Court)

FOR OFFICE USE ONLY

                                                    1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*